## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| TIM VAN CLEAVE, | ) |
|           Plaintiff, | ) |
|    v. | ) Case No. _____ |
| RED LION HOTELS CORPORATION, R. CARTER PATE, FREDERIC F. BRACE, LINDA C. COUGHLIN, TED DARNALL, JANET L. HENDRICKSON, JOSEPH B. MEGIBOW, and KENNETH R. TRAMMELL, | ) JURY TRIAL DEMANDED |
|           Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 30, 2020 (the "Proposed Transaction"), pursuant to which Red Lion Hotels Corporation ("Red Lion" or the "Company") will be acquired by Sonesta International Hotels Corporation ("Parent") and Roar Merger Sub Inc. ("Merger Sub," and together with Parent, "Sonesta").

2. On December 30, 2020, Red Lion's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sonesta. Pursuant to the terms of the Merger Agreement, Red Lion's stockholders will receive $3.50 in cash for each share of Red Lion common stock they own.

3.  On January 26, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.  The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Red Lion common stock.

9.  Defendant Red Lion is a Washington corporation and a party to the Merger Agreement.  Red Lion's common stock is traded on the New York Stock Exchange under the ticker symbol "RLH."

10. Defendant R. Carter Pate is Chairman of the Board of the Company.

11. Defendant Frederic F. Brace is a director of the Company.

12. Defendant Linda C. Coughlin is a director of the Company.

13. Defendant Ted Darnall is a director of the Company.

14. Defendant Janet L. Hendrickson is a director of the Company.

15. Defendant Joseph B. Megibow is a director of the Company.

16. Defendant Kenneth R. Trammell is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18. Red Lion is a hotel company focused on the franchising of eight brands: Hotel RL, Red Lion Hotels, Red Lion Inn & Suites, Signature Inn, GuestHouse Extended Stay, Americas Best Value Inn, Canadas Best Value Inn, and Knights Inn.

19. On December 30, 2020, Red Lion's Board caused the Company to enter into the Merger Agreement with Sonesta.

20. Pursuant to the terms of the Merger Agreement, Red Lion's stockholders will receive $3.50 in cash for each share of Red Lion common stock they own.

21. According to the press release announcing the Proposed Transaction:

RLH Corporation (NYSE: RLH) ("RLH" or "Red Lion"), the 10th-largest US-based hotel franchise company serving a large segment of American consumers, today announced that it has entered into a definitive merger agreement ("Merger Agreement" or "agreement") with Sonesta International Hotels Corporation ("Sonesta") under which RLH will be acquired by Sonesta in an all-cash transaction valued at approximately $90 million. The agreement has been unanimously approved by the RLH Board of Directors.

3

> Under the terms of the Merger Agreement, holders of RLH's common stock will receive $3.50 per share in cash. This represents an 88% premium over the November 4, 2020, closing share price, the last trading date before Red Lion most recently provided an update on its strategic alternatives, and a 30% premium over today's closing price prior to the transaction being announced. . . .
>
> The transaction, which is currently expected to close in the first half of 2021, is subject to customary closing conditions, including the approval of RLH's shareholders, who will vote on the transaction at a special meeting on a date to be announced. The transaction is not contingent on receipt of financing by Sonesta. Upon completion of the transaction, RLH will become a privately-held company, and its common stock will no longer be listed on the NYSE.
>
> Advisors
>
> Jefferies LLC is serving as lead financial advisor and CS Capital Advisors, LLC is serving as financial advisor to Red Lion. Gibson, Dunn & Crutcher LLP and Fox Rothschild LLP are serving as legal counsel to Red Lion.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Proxy Statement omits material information.

24. First, the Proxy Statement omits material information regarding the Company's financial projections.

25. The Proxy Statement fails to disclose: (i) all line items used to calculate EVITDA and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Jefferies LLC ("Jefferies").

28. With respect to Jefferies' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of the Company; (iii) the individual inputs and assumptions underlying the discount rates ranging from 13.5% to 15.0%; (iv) the net cash used in the analysis; and (v) the number of fully diluted shares of Company common stock.

29. With respect to Jefferies' Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

30. With respect to Jefferies' Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Red Lion**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Red Lion is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Red Lion within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Red Lion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 9, 2021 **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*